## UNITED STATES F. & G. CO. et al. v. HUBATKA.

No. 25533. Feb. 26, 1935.

Rehearing Denied April 9, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1935.

Owen & Lindsey, for plaintiffs in error.

McCaffrey & Scanland, for defendant in error.

CORN, J. For convenience the parties will be referred to herein as designated in the lower court.

The material allegations of plaintiff's petition are as follows: That on or about the first day of January, 1930, she filed her petition in the district court of Oklahoma county in cause No. 60313 against W. H. Bauman, and thereafter, and in due course of law, judgment was rendered in her favor in a trial had before a jury, on the 6th day of January, 1933, in the sum of $9,000, and said judgment has become final. Plaintiff further alleged that by the judgment as aforesaid it was lawfully and legally established that on or about the 15th day of August, 1929, the plaintiff sustained certain bodily injuries because of, and as a direct result of the carelessness and negligence of the aforesaid W. H. Bauman.

That W. H. Bauman was carrying on a certain trucking business under and by virtue of a certificate of public convenience and necessity, permit No. 719, duly and lawfully issued by the Corporation Commission of the state of Oklahoma; that the aforesaid certificate of public convenience and necessity was in the first instance issued to one C. W. Bauman, who died prior to the month of August, 1929; that the said W. H. Bauman, brother of the deceased, continued to operate the aforesaid truck line under the aforesaid permit after the death of C. W. Bauman and with the consent and permission of the said Corporation Commission upon the condition that a policy of liability insurance should be procured and maintained in force by the said W. H. Bauman, and that the original or a true copy thereof should be duly filed of record with the Corporation Commission of the state of Oklahoma, and that said policy of insurance should provide for the indemnification of any person or persons recovering judgment against the aforesaid W. H. Bauman by rea-

son of bodily injuries sustained on account of the careless or negligent operation of any motor vehicle while being operated by said W. H. Bauman under the terms and conditions of the aforementioned certificate of public convenience and necessity. Plaintiff further alleged that, pursuant to said requirements, the said W. H. Bauman did procure of the defendant, United States Fidelity & Guaranty Company, a corporation, a policy of insurance in conformity with the requirements as aforesaid, and that on or about the 13th day of August, 1929, the said defendant did make, execute, and deliver to the aforesaid W. H. Bauman its policy of insurance in terms and conditions as required by law, and that the same was forthwith filed and deposited with the Corporation Commission of the state of Oklahoma, but that in so making and executing said policy of insurance the name of C. W. Bauman was by mistake of the defendant written in the policy of insurance as the assured, instead of the aforesaid W. H. Bauman, but that on the 5th day of October, 1929, the defendant caused the policy to be amended so that W. H. Bauman was named therein as the assured, and that prior to the amendment of the said policy the defendant had actual notice of the injury to plaintiff occurring August 15, 1929, and that thereafter and continuously from the time the defendant was notified of the injuries of the plaintiff and during and including all proceedings in said cause No. 60313, the defendant has furnished legal counsel for, and has paid all expenses incidental to the defense of W. H. Bauman, as the defendant in the aforesaid proceedings, and has in all respects recognized, assumed, and undertaken each and every of its obligations to the said W. H. Bauman as the assured therein, as required by the terms and conditions of the aforesaid policy of insurance in the same manner and to the same effect as if the mistake of the defendant in originally naming C. W. Bauman instead of W. H. Bauman as the assured in the policy of insurance had never occurred, saving and excepting the payment by it of the final judgment rendered against the said W. H. Bauman and in favor of this plaintiff.

Plaintiff further alleged that execution upon the judgment has been duly issued and returned unsatisfied in whole or in part, and that the defendant has failed and refused, and upon demand of the plaintiff now fails and refuses to pay said judgment up to the limit of liability expressed in said policy of insurance, or in any amount.

The defendant answered with a general denial, and the case was tried to the court on a written agreed statement of facts.

### Statement of Facts.

"On the 4th day of September, 1929, plaintiff filed her petition in the district court of Oklahoma county in cause No. 60313, joining C. W. Bauman and Hose Bishop, as defendants. The attorneys for the United States Fidelity & Guaranty Company filed a demurrer to the petition, and filed a plea to the jurisdiction, suggesting the death of C. W. Bauman. On November 15, 1929, plaintiff dismissed the action as to C. W. Bauman, and on that date filed an amended petition joining W. H. Bauman, individually, and W. H. Bauman as administrator of the estate of C. W. Bauman, deceased.

"The case came on for trial on the 6th day of January, 1933. The attorneys for United States Fidelity & Guaranty Company appeared for the defendants. Plaintiff was granted leave to file second amended petition, joining W. H. Bauman, as administrator of the estate of C. W. Bauman, with W. H. Bauman, individually, and Hose Bishop.

"At the conclusion of all the evidence, the court sustained the motion for a directed verdict in favor of W. H. Bauman, administrator of the estate of C. W. Bauman, deceased, and overruled the same motion as to W. H. Bauman, individually, and Hose Bishop. The case was submitted to the jury, attorneys for the United States Fidelity & Guaranty Company arguing the case on behalf of W. H. Bauman and Hose Bishop. A verdict was rendered finding the issues for plaintiff, assessing her damages at $9,000. Copy of the journal entry attached, as exhibit 'One.'

"The attorneys for the United States Fidelity & Guaranty Company filed a motion for a new trial on behalf of W. H. Bauman and Hose Bishop, copy of which is attached, marked exhibit 'Two,' and on January 12, 1933, addressed and mailed a letter to W. H. Bauman and Hose Bishop, copy of which is attached marked exhibit 'Three.' These attorneys took no further part and did not appear again in this case, but on January 24, 1933 addressed and mailed a letter to W. H. Bauman. Copy attached. exhibit 'Four.' On February 4, 1933, the motion for new trial was overruled as per journal entry, and on February 9th, journal entry was filed containing notice of defendants' intention to appeal and granting 60 days in which to serve case-made, copy of which is attached as exhibit '5.'

"On February 9, 1933, the withdrawal of Owen & Looney, as attorneys for the defendants, was noted of record, and on that date these attorneys sent, by registered mail,

a letter to W. H. Bauman, copy of which is attached as exhibit 'Six.' The return receipt being attached as exhibit '7.'

"Plaintiff was injured, as alleged in cause No. 60813, on the 15th day of August, 1929, by colliding with a Reo Speed Wagon, or truck, owned by W. H. Bauman.

"C. W. Bauman departed this life on November 21, 1928, and W. H. Bauman was appointed administrator of his estate. The Corporation Commission permit No. 719 was listed as an asset of the estate of C. W. Bauman. C. W. Bauman died intestate without issue, leaving W. M. Bauman and Margaret Bauman, parents, as his heirs.

"W. H. Bauman entered into an oral agreement with the parents to operate his own truck under permit No. 719, agreeing to account to the estate for one-half of the profits, after deducting operating expenses. The truck was driven by Hose Bishop, employee of W. H. Bauman, and was being operated under this oral agreement at the time of the alleged accident and injuries.

"There was no order of the probate court authorizing W. H. Bauman to operate the truck as administrator of the estate of C. W. Bauman.

"W. H. Bauman was discharged as such administrator on the 28th day of August, 1929.

"A policy was issued by Ancel Earp & Company, as agents for the United States Fidelity & Guaranty Company, on the 13th day of August, 1929, in the name of C. W. Bauman and filed with the Corporation Commission to which a rider was attached commonly known as 'Form E.' This policy, and rider, was issued at the instance and on the request of L. T. Tryon, an insurance broker, and filed with the Corporation Commission to take the place of policies which the same L. T. Tryon had caused to be issued in the Southwest Indemnity Company and the Employers Casualty Company and which had been canceled. The policy in the Southwest Indemnity Company was issued on the application of C. W. Bauman, made during his lifetime. This policy was canceled, and Tryon, without an application from C. W. Bauman, or anyone on his behalf, secured a policy in the Employers Casualty Company issued in the name of C. W. Bauman and filed with the Corporation Commission in place of the canceled policy. Thereafter, and on or about the 13th day of August, 1929, Tryon, upon notice that the policy issued by Employers Casualty Company to C. W. Bauman had been canceled, arranged with Ancel Earp & Company to place this insurance with the United States Fidelity & Guaranty Company, together with other policies, and delivered to Ancel Earp & Company a type-written list of names and policies to be issued and to be filed with the Corporation Commission instead of those which had been canceled. The name of C. W. Bauman was on this list and the policy was issued by United States Fidelity & Guaranty Company and filed with the Corporation Commission. At the time this policy was issued, neither Tryon, Ancel Earp & Company nor the United States Fidelity & Guaranty Company had actual knowledge of the death of C. W. Bauman, and had no actual knowledge that W. H. Bauman was operating his truck under permit No. 719 as administrator of the estate of C. W. Bauman.

"On or about October 6, 1929, W. H. Bauman advised Tryon that he was the owner of the corporation permit No. 719, and was having the same changed from the name C. W. Bauman, and had no actual knowlman, and applied to Tryon for a policy covering his liability. Tryon advised him that it would not be necessary for him to have a new policy issued, but to have a rider issued by the United States Fidelity & Guaranty Company, changing the policy from C. W. Bauman to W. H. Bauman. Tryon arranged with Ancel Earp & Company to have such rider issued and filed with the Corporation Commission. The policy, together with the two riders being hereto attached as exhibit '8.'

"The United States Fidelity & Guaranty Company has refused to pay the judgment rendered in favor of the plaintiff against W. H. Bauman, individually, and Hose Bishop, as set forth in the journal entry attached hereto as 'exhibit One' and the same is unpaid and unsatisfied.

"The defendant New Amsterdam Casualty Company executed and delivered to the Corporation Commission of the state of Oklahoma the policy referred to in paragraph 8 of plaintiff's petition.

"Signed by—
        "McCaffrey & Scanland,
        "By T. J. McCaffrey,
            "Attorneys for Plaintiff.
        "Owen & Lindsey,
            "Attorneys for Defendant."

Additional Agreed Statement of Facts.

"It is hereby stipulated and agreed, in addition and supplemental to the agreed statement of facts heretofore filed herein, as follows:

"At the time the policy was issued by the U. S. F. & G. Company, on the 13th day of August, 1929, in the name of C. W. Bauman, as stated in the original agreed statement of facts, filed herein, the premium was paid to the agent of the United States Fidelity & Guaranty Company by Tryon, the insurance broker, covering the period of the

policy from August 13, 1929, to August 13, 1930. That premium was accepted and retained by the U. S. F. & G. Company.

"In the trial of the case, No. 60313, at the conclusion of the argument on the motions for a directed verdict in favor of each of the three defendants, Hose Bishop, W. H. Bauman, as administrator of the estate of C. W. Bauman, deceased, and W. H. Bauman, individually, the court announced that he would sustain the motion as to W. H. Bauman, as administrator of the estate of C. W. Bauman, and would overrule the motions as to the other two defendants. At that time, and before the court instructed the jury, Thos. H. Owen, one of the attorneys appearing for the defendants in that case, at the instance and employed by the U. S. F. & G. Company advised W. H. Bauman that since the court had sustained the motion as to him as the administrator of the estate of C. W. Bauman and the verdict would be in his favor as such defendant, the company might take the position that it would not be liable and would not pay any judgment that might be rendered against him in his individual capacity, or against Hose Bishop, as his employee. Owen advised him further, at that time, that he and his associate counsel would continue in the case, and argue his defense to the jury and exert their best efforts to secure a judgment in favor of both himself and Hose Bishop. W. H. Bauman assented to this arrangement.

"After the verdict was returned, Owen advised W. H. Bauman that he would report the result of the trial and the action of the court to the U. S. F. & G. Company, and would advise Bauman as to what action the company might take, and in the meantime, that he, Owen, would prepare and file the necessary motion for new trial, within the three days allowed by the statute, and request the court not to pass on the same until Bauman had an opportunity to engage other counsel, in the event the company should deny liability under the judgment. The first notice in writing to Bauman that the U. S. F. & G. Company would deny liability was contained in the letter of January 12, 1933, addressed to Bauman, as set out in the original statement of facts filed herein."

Upon which statement of facts the court rendered the following judgment:

## Journal Entry.

"This case came on regularly for trial on February 5, 1934. It was agreed, in open court, to submit the case to the court without a jury, upon the agreed statement of facts theretofore filed and the additional agreed statement of facts filed on that day. The court approved the agreed statement of facts as being all facts material to the issues. The case was argued and, upon conclusion of the argument, submitted to the court and taken under advisement.

"After consideration of the facts as agreed, and the argument of counsel, and being fully advised in the premises, the court on March 27, 1934, announced that judgment would be rendered in favor of the plaintiff for $5,000.

"The court finds and concludes that under the terms of the policy and the rider designated as 'motor vehicle form E' the defendant, United States Fidelity & Guaranty Company, was and is liable for damages resulting from the negligence of W. H. Bauman operating the motor vehicle on the truck line covered by corporation permit No. 719. The policy and rider appearing as 'exhibit 8' to the agreed statement of facts. The amount of the bond being $5,000."

Motion for new trial filed, heard, overruled, exceptions allowed, and appeal taken to this court.

We will next give some of the material parts of said policy:

"The policy to which this indorsement is attached is written under and pursuant to the provisions of chapter 113, Session Laws of Oklahoma 1923, and it is to be construed in accordance therewith and the rules and regulations of the Corporation Commission of Oklahoma and implies an acceptance of such rules and regulations, and is payable to the state of Oklahoma for the benefit of all persons who may suffer personal injuries, including death, or property damage due to any negligence of the assured, his/its agents, employees, or representatives in the operation or use of any motor vehicle under certificate of public convenience and necessity. No._____.

"In consideration of the premium stipulated in the policy to which this indorsement is attached, the insurer hereby waives a description of the motor vehicles operated or used under said certificate and agrees to pay any final judgment rendered against the holder of such certificate for personal injuries, including death, or damage to property other than that of the holder of said certificate due to the negligence of said holder, his/its agents or employees, or representatives, in the operation or use of any motor vehicle, whether listed in the original schedule of motor vehicles filed with the criminal application or whether it be an additional, substituted or emergency vehicle operated under said certificate by any order or rule of the Corporation Commission within the limits of the schedule hereinafter set out, and further agrees, that, upon its failure to pay any such final judgment within 60 days from the date of its rendition or final affirmance on appeal, the judgment creditor may maintain an action against it in any court of competent juris-

diction to enforce such payment. This policy shall be a continuing indemnity. The indemnity thereof shall not be reduced as to any succeeding accident by any payment of any claim or by any judgment or any previous accident. Nothing contained in the policy or any indorsement thereon, nor the violation of any of the provisions thereof or of any law of the state by the assured shall relieve the insurer from any liability hereunder or from the payment of any such judgment.

"No condition, provision, stipulation or limitation contained in the policy or any other indorsement thereon, nor the violation of any of the same by the insured shall affect in any way the right of any person injured in his person or property by the negligence of the insured or relieve the company from the liability provided for in this indorsement, or from the payment to such person of any such judgment, to the extent and in the amounts set forth in the schedule shown hereon; but the conditions, provisions, stipulations and limitations contained in the policy and any other indorsements thereon shall remain in full force and be binding as between the insured and the company."

"Schedule.

"On each motor vehicle used for the transportation of freight or express, or both, the insurer shall be liable to each person suffering damages as the result of any accident due to the negligence of the assured, his agents or representatives in the use or operation of such motor vehicle to the extent of damages sustained, not exceeding $5,000, and subject to the same limit, the total liability of the insurer on account of any one accident shall not exceed $10,000.

"Provided, that the liability for damages to property under this policy shall not exceed $1,000 for any one accident, unless a larger amount is specified in this policy.

"It is agreed and understood that the words 'Damage to Property' as used in this indorsement shall be construed to cover any and all property, except (property of such assured, or in charge of such assured, or carried in or on the motor vehicle belonging to or controlled by the assured) as may result from any accident by reason of the ownership, maintenance, use and operation of any motor vehicle or motor vehicles under the above mentioned certificate of public convenience or necessity.

"In the event of the insolvency or bankruptcy of the insured, the insurer shall not be relieved of the payment of such indemnity hereunder as would have been payable but for such insolvency or bankruptcy.

"Any provision either in the body of the policy to which this indorsement is at-tached or in any other indorsement thereon or attached thereto in conflict with or contrary to the provisions of this indorsement shall be deemed to be canceled hereby.

"The policy to which this indorsement is attached shall not terminate either by expiration or cancellation until after 20 days' notice of such termination in writing by the insurer to the Corporation Commission of Oklahoma.

"Attached to and forming a part of policy No. A-100966 issued by Ancel Earp & Company to C. W. Bauman."

Indorsement on policy:

"No. A-100966 Automobile Liability Policy expires August 13, 1930. Issued to C. W. Bauman, Cordell, Oklahoma. United States Fidelity & Guaranty Company, Baltimore, Md."

On the 5th day of October, 1929, said policy was amended to read as follows:

"It is hereby understood and agreed that hereunder assured's name is amended to read as follows: 'W. H. Bauman' instead of as originally written.

"Determination of Company's Liability. No recovery against the company shall be had under agreements A. or B. of section 1 until the amount of loss or expense shall have been determined either by final judgment against the assured after actual trial in an action defended by the company, or by written agreement of the assured, the claimant, and the company, nor in either event unless suit is instituted within two years after the date of such judgment or written agreement.

"Bankruptcy or insolvency of the assured shall not relieve the company of any of its obligations hereunder. Any person or his legal representatives who shall obtain final judgment against the assured because of any such bodily injury or injury to or destruction of property and whose execution against the assured is returned unsatisfied because of such insolvency or bankruptcy, may proceed against the company under the terms of this policy applicable thereto. Nothing in this policy shall give to any person or persons claiming damages against the assured any right of action against the company except as in this paragraph (2) provided.

"The company reserves the right to settle any claim or suit to make such investigation or negotiation as may be deemed expedient by the company.

"The company further agrees (a) To defend in his name and behalf any suit against the assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false, or fraudulent."

A part of chapter 113, Session Laws 1923 (secs. 3692-8, O. S. 1931), is as follows:

"Section 7. No certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission of this state a liability insurance bond in some company authorized to do business in this state in such a penal sum as the Corporation Commission may deem necessary to adequately protect the interest of the public, with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier."

"Section 10. Every owner, officer, agent, or employee of any motor carrier, and every other person who violates or fails to comply with, or who procures, aids or abets in the violation of any provision of this act, or who fails to obey, observe or comply with any order, decision, rule or regulation, direction, demand, or requirement, or any part or provision thereof, of the Corporation Commission, or who procures, aids or abets any corporation or person in his failure to obey, observe or comply with any such order, decision, rule, direction, demand or regulation of any part or provision thereof is guilty of a misdemeanor and is punishable by a fine not exceeding $1,000 or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment."

The assignments of error are as follows:
(1) The judgment is contrary to the facts:
(2) the judgment is contrary to the law.

The defendant in his brief states:

"The one question for determination is whether the insurance company is liable for damages resulting from negligence of W. H. Bauman, who was operating his own truck on the freight line covered by corporation permit No. 719, issued to C. W. Bauman. The damages resulting from the negligence of Hose Bishop, who was the employee of W. H. Bauman, and W. H. Bauman owned the truck driven by Bishop. W. H. Bauman was operating under an oral agreement with the heirs of C. W. Bauman, deceased, under the terms of which the heirs consented to his use of the corporation permit issued to C. W. Bauman."

We find that the said policy was issued to cover Corporation Commission permit No. 719; that at the time of its issuance W. H. Bauman was operating said truck line and had been ever since C. W. Bauman, the former owner of said permit, died, about nine months prior to that date. The record discloses that W. H. Bauman was informed by the Corporation Commission that it would be necessary to get a good and sufficient bond filed in order to continue the operation of said truck line; that he thought the bond covered him as such carrier. The defendant complains because the truck being driven by Hose Bishop at the time of the accident was owned by W. H. Bauman and the policy was issued to C. W. Bauman. We do not see any merit in that contention, as the rider provides "any motor vehicle," and the policy was issued to cover a certain permit, payable to the state of Oklahoma for the use and benefit of the public, and provided that the same remain in full force and effect until 20 days' notice was given to the said Corporation Commission of its intention to have the same canceled. There is not anything in the record that discloses notice was ever given by said company to the Corporation Commission to have the policy canceled.

It appears to us to be the intent of the Legislature of this state to require carriers to procure public liability insurance so as to protect the public from any and all damages resulting from the negligence of said carrier, his servants, agent, and representatives in the performance of such duties. We do not feel that the state of Oklahoma or the plaintiff herein should be charged with the mistake or carelessness on the part of the defendant herein in issuing a public liability policy, causing the same to be filed with the Corporation Commission as required by law, covering a permit designated by number, and which purported to cover the operations of a dead man. We hold that when the United States Fidelity & Guaranty Company issued its policy, it intended to cover the truck line which was being operated by W. H. Bauman, under corporation permit No. 719, as contemplated by our laws providing protection for the public, and the same having been issued and filed with said Commission, it is bound by the terms of the policy for the negligence of the person operating said truck line under said permit at the time said policy was issued.

According to the terms of the policy the company agreed to defend the assured in his own name in any court, that it would not be liable until a judgment was obtained, the same had become final, execution taken thereon against the assured, and returned unsatisfied. The record discloses that the plaintiff complied with all those requirements. The attorneys for the defendant recognized W. H. Bauman as the assured for

a period of more than three years from the date of the accident, and until after judgment had been rendered in favor of W. H. Bauman, as administrator of the estate of C. W. Bauman. It cannot be successfully argued that the attorneys for W. H. Bauman, administrator, were rendering their services for W. H. Bauman in his individual capacity free of charge; so we therefore conclude that W. H. Bauman was recognized as the assured. It would have been an easy matter for the said attorneys to have the record show that they were only representing W. H. Bauman, administrator of the estate of C. W. Bauman, and were denying liability as to the other two defendants, in case judgment was rendered against them.

The state of Oklahoma was an interested party, and had certain laws and rules of the Corporation Commission that had to be complied with before a permit would issue, or before any one could operate on said permit. The insurance company intended to comply with that law and regulation when it issued and filed its policy with the Commission. The Commission had a right to believe, and did so believe, that the policy without question covered the person operating the truck line under permit No. 719, and would continue to do so until the expiration of the policy or until 20 days' notice was given as provided therein.

We hold that the trial court did not err in rendering judgment in favor of the plaintiff on the policy and the rider attached thereto.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.